IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENN A.,[1] | ) |
|       Plaintiff, | ) ) ) No. 24 C 7123 |
| v. | ) ) Magistrate Judge |
| FRANK BISIGNANO, Commissioner of Social Security,[2] | ) Daniel P. McLaughlin ) ) |
|       Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Glenn A.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [21] is denied, and the Commissioner's cross-motion for summary judgment [24] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Frank Bisignano has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On January 6, 2022, Plaintiff filed a claim for DIB, alleging disability since February 2, 2019. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). After a postponement, a telephonic hearing was held on December 4, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Plaintiff amended his alleged onset date to December 30, 2020.

On January 26, 2024, the ALJ denied Plaintiff's claim for benefits, ultimately finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of December 30, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: post-traumatic stress disorder (PTSD); anxiety disorder; major

2

depressive disorder; and personality disorder. At step three, the ALJ concluded that – including Plaintiff's substance use – the severity of Plaintiff's impairments met the listing for depressive, bipolar, and related disorders. The ALJ further found that, if Plaintiff stopped the substance use, the remaining limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities. The ALJ then determined that, if Plaintiff stopped his substance use, he would not have an impairment or combination of impairments that meets or medically equals any listed impairments.

Before step four, the ALJ determined that – if Plaintiff stopped his substance use – Plaintiff would retain the residual functional capacity ("RFC") to perform medium work with the following additional limitations: can frequently climb ladders, ropes, scaffolds, ramps, and stairs, stoop, kneel, crouch, and crawl; cannot tolerate more than occasional concentrated exposure to extreme cold or extreme heat, humidity, fumes, noxious odors, dusts, mists, gases, and poor ventilation; cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas; can adapt to occasional changes in a routine work setting; can interact occasionally with coworkers and supervisors performing job duties that do not involve tandem tasks or teamwork; and should have no more than incidental contact with the public.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a field artillery operation specialist. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and

RFC, the ALJ found that – if Plaintiff stopped his substance use – he could perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act. Relatedly, the ALJ determined that Plaintiff's substance use disorder was a contributing factor material to the determination of disability because Plaintiff would not be disabled if he stopped his substance use.

## DISCUSSION

**I.  ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three,

4

precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category

5

of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to properly determine that Plaintiff had a medically determinable substance use disorder; (2) the ALJ did not properly evaluate Plaintiff's mental RFC during periods of decreased alcohol use; (3) the ALJ erred in finding Plaintiff had no severe physical impairments and could sustain the physical

6

requirements of medium work; and (4) the ALJ did not properly evaluate Plaintiff's treatment history. Each argument will be addressed below in turn.

### A. Plaintiff's Substance Use Disorder

For his first argument, Plaintiff contends that the ALJ erred in his consideration of Plaintiff's drug addiction or alcoholism (DAA). ([21] at 6-9.) Plaintiff asserts in particular that the ALJ did not comply with Social Security Ruling (SSR) 13-2p because he did not explicitly "find that [Plaintiff] had any medically determinable substance use disorder." (*Id.* at 7.) Pertinent to Plaintiff's argument, SSR 13-2p provides that the existence of DAA may be determined from "objective medical evidence – that is, signs, symptoms, and laboratory findings – from an acceptable medical source that supports a finding that a claimant has DAA." This requirement "can be satisfied when there are no overt physical signs or laboratory findings with clinical findings reported by a psychiatrist, psychologist, or other appropriate acceptable medical source based on examination of the claimant." There must also be evidence that establishes a "maladaptive pattern" of substance use.

The Court finds no error in the ALJ's consideration of Plaintiff's alcohol abuse. A review of the ALJ's decision reveals that he appropriately determined that Plaintiff's alcohol abuse was established by clinical findings reported by Plaintiff's treaters. As Defendant points out, the ALJ based his finding on evidence (from, *inter alia*, mental health treatment records) of significant alcohol use; the impact of alcohol use on Plaintiff's mood, irritability, and sleep; Plaintiff appearing

7

intoxicated at examinations; Plaintiff's medication treatment for alcohol use; and encouragement to abstain from alcohol. (R. 78.) This is substantial evidence and it comprises objective medical evidence that establishes a maladaptive pattern of substance use. *See Paul P. v. Saul*, No. 1:20-CV-00192-JDL, 2021 WL 2383222, at *7 (D. Me. June 9, 2021) ("Contrary to the plaintiff's arguments, the ALJ documented her reliance on NP Huff's findings and the 'pervasive evidence of substance abuse' in the record when determining that he suffered from DAA. . . . NP Huff met with and treated the plaintiff on many occasions and repeatedly noted that he was suffering from alcohol and cannabis use disorders. . . . These clinical findings, which come from an acceptable medical source, satisfy the requirements of SSR 13-2p and undermine the plaintiff's argument that NP Huff never opined that he suffered from DAA.").

Plaintiff contends that the ALJ violated SSR 13-2p by not explicitly stating that his alcohol abuse constituted a "severe" impairment. However, "courts view the ALJ's opinion as a whole, applying a 'common-sense reading to the entirety of an ALJ's decision.'" *Alethea T. v. Kijakazi*, No. 21 C 2167, 2023 WL 8091645, at *6 (N.D. Ill. Nov. 21, 2023) (citation omitted). From the ALJ's analysis it is clear to the Court that the ALJ considered Plaintiff's alcohol abuse to be a severe, medically determinable impairment. *See Simpson v. Berryhill*, No. 17-CV-2299, 2018 WL 2238593, at *12 (N.D. Ill. May 16, 2018) ("In this case, the ALJ did not err in his DAA analysis under SSR 13-2p. Yes, the ALJ could have actually referenced SSR 13-2p and numbered the steps of his DAA analysis under SSR 13-2p, but his failure

8

to do so does not mean he did not conduct a proper DAA analysis under the Regulation. Rather, the ALJ adequately addressed the 'materiality' of Plaintiff's DAA as required by SSR 13-2p."). Ultimately, the Court concludes that the ALJ properly evaluated the significance of Plaintiff's alcohol abuse. Accordingly, Plaintiff's first argument is unavailing. *See Donald S. v. Saul*, No. 18-2277, 2019 WL 7500243, at *3 (C.D. Ill. Dec. 9, 2019) ("The ALJ followed the directives in 20 C.F.R. § 404.1535 and SSR 13-2p, and thoroughly considered how Plaintiff's substance abuse impacted his limitations. The Court does not find reversible error.").

### B. Plaintiff's Mental RFC

For his second argument, Plaintiff contends that the ALJ erred "in evaluating [Plaintiff's] mental RFC during periods of decreased alcohol use." ([21] at 9-12.) Plaintiff argues in particular that the ALJ did not sufficiently explain his finding that Plaintiff "could sustain occasional workplace interaction." (*Id.* at 10.) Pertinent to Plaintiff's argument, the ALJ found that Plaintiff was only moderately limited in his ability to interact with others, noting, *inter alia*, that Plaintiff reported improvement in that area with medication. (R. 80.) Nonetheless, the ALJ accommodated Plaintiff by specifying that Plaintiff could only "interact occasionally with coworkers and supervisors performing job duties that do not involve tandem tasks or teamwork" and could have "no more than incidental contact with the public." (*Id.* at 81.) Reading the ALJ's decision as a whole, the Court find that the ALJ reasonably found that these were appropriate limitations and concludes that

9

the ALJ sufficiently accounted for Plaintiff's issues with interacting with others. *See Jacquelyn G. v. Kijakazi*, No. 22 C 5917, 2023 WL 9000545, at *5 (N.D. Ill. Dec. 28, 2023) ("The ALJ analyzed the record wholistically and determined that despite Jacquelyn's moderate limitations in interacting with others, she would be able to maintain full-time work with the mental RFC outlined. As the ALJ minimally articulated their reasoning and accounted for Jacquelyn's moderate limitations in interacting with others, there is not reversible error.") (citation omitted).

Plaintiff also argues that "the ALJ erred by failing to support his conclusion that [Plaintiff] would be able to concentrate, persist, and stay on-task if his job tasks were not at a specific production rate pace." ([21] at 11.) Pertinent to Plaintiff's contention, the ALJ found that Plaintiff was only moderately limited in his ability to concentrate, persist, or maintain pace, reasoning that Plaintiff improved with medication and there was "no indication of abnormal concentration or attention noted during the period in question." (R. 80.) Nonetheless, the ALJ accommodated Plaintiff by specifying that Plaintiff "cannot perform work requiring a specific production rate . . . such as assembly line work or work that requires hourly quotas." (*Id.* at 81.) The Court reiterates that ALJs are "subject to only the most minimal of articulation requirements." *Warnell*, 97 F.4th at 1053-54. With that in mind, the Court find that the ALJ sufficiently accounted for any issues Plaintiff had with concentration, persistence, or pace and reasonably found that the workplace limitations he provided accommodated Plaintiff's difficulties in that area. *See Marlene N. v. Kijakazi*, No. 22 C 5524, 2023 WL 3863357, at *8 (N.D. Ill. June

10

7, 2023) (rejecting plaintiff's argument that "it was improper for the ALJ to account for [moderate limitations in concentration] by limiting the plaintiff to unskilled work that did not require a specific production rate" and finding that "the ALJ adequately accounted for plaintiff's limitations with his RFC"). Accordingly, Plaintiff's second argument is unavailing.

C. **Plaintiff's Physical RFC**

For his third argument, Plaintiff contends that the ALJ did not sufficiently account for his non-severe physical impairments in the RFC assessment. ([21] at 12-14). Pertinent to Plaintiff's assertion, the ALJ found that Plaintiff had "several non-severe physical impairments." (R. 76.) The ALJ noted that Plaintiff had a history of knee pain and back pain, but reasoned that those issues were only minimally treated and were not accompanied by significant findings. (*Id.*) The ALJ further stated that "the record contains minimal complaints related to physical ailments/symptoms and very limited treatment during the relevant period." (*Id.* at 77.) Nonetheless, the ALJ accommodated Plaintiff's physical impairments in the RFC by, *inter alia*, limiting his ability to climb stairs, stoop, kneel, crouch, and crawl. (*Id.* at 81.) The ALJ later spelled out his RFC findings and specifically stated that he was "taking into account [Plaintiff's] non-severe and severe impairments." (*Id.* at 83.) The ALJ also specifically explained that he "included exertional, postural, and environment limitations to account for [Plaintiff's] non-severe musculoskeletal and respiratory impairments." (*Id.* at 85.) The Court finds that the ALJ reasonably determined that Plaintiff's physical impairments were non-severe

11

and sufficiently accounted for those impairments in his decision. Plaintiff asserts that "[e]vidence in the record reflected that [Plaintiff] could not sustain the standing, walking, and lifting requirements of medium work." ([21] at 14.) That argument must be rejected because it amounts to an impermissible request that the evidence be reweighed. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### D. Plaintiff's Improvement

For this final argument, Plaintiff contends that the ALJ erred in finding that Plaintiff's statements concerning the limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. ([21] at 14-15.) Plaintiff argues in particular that the ALJ erred in evaluating his treatment history because the ALJ improperly relied on improvement in Plaintiff's symptoms. (*Id.* at 15.) The Court rejects Plaintiff's argument. The ALJ considered Plaintiff's improvement throughout his decision and it was appropriate for him to do so. *See Conor B. v. Kijakazi*, No. 20 CV 3342, 2022 WL 4079461, at *10 (N.D. Ill. Sept. 6, 2022) ("So too was it proper for the ALJ to consider the course and effectiveness of Claimant's treatment, as well as Claimant's reported improvement over time with the assistance of medication, work history, and writing of a book.") (citation omitted); *Dante B. v. Kijakazi*, No. 20-CV-1104, 2022 WL 3926050, at *9 (N.D. Ill. Aug. 31, 2022) ("[I]mprovement *is* a relevant factor that ALJs may consider."). Moreover, the Court finds that Plaintiff's arguments concerning his improvement (or lack thereof) amount to another impermissible request that the evidence be reweighed. *See Gedatus*, 994 F.3d at 900.

## **CONCLUSION**

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [21] is denied, and the Commissioner's cross-motion for summary judgment [24] is granted.

**SO ORDERED.**                              **ENTERED:**

**DATE:      June 12, 2025**

                                                   **HON. DANIEL P. McLAUGHLIN**
                                                   **United States Magistrate Judge**